**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
**Northern District of Texas**
(State)

Case number (if known): _____   Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's Name | **EIGER BIOPHARMACEUTICALS, INC.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | **None** |
| 3. | Debtor's federal Employer Identification Number (EIN) | 3 3 - 0 9 7 1 5 9 1 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2155 Park Boulevard**<br>Number        Street | <br>Number        Street |
| | P.O. Box |
| **Palo Alto, California 94306**<br>City       State   Zip Code | <br>City       State   Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Santa Clara County**<br>County | <br>Number        Street |
| | <br>City       State   Zip Code |

5. Debtor's website (URL)    https://www.eigerbio.com

6. Type of debtor
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

| Debtor | **EIGER BIOPHARMACEUTICALS, INC.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 7. | Describe debtor's business | A. *Check One:* |
|---|---|---|
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | 3254 |

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check One:* |
|---|---|---|
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box | ☒ Chapter 11. *Check all that apply:* |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ A plan is being filed with this petition. |
| | | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? | ☒ No | | | | |
|---|---|---|---|---|---|---|
| | | ☐ Yes. | District | _____ | When MM/DD/YYYY | Case number _____ |
| | If more than 2 cases, attach a separate list. | | District | _____ | When MM/DD/YYYY | Case number _____ |

Debtor  **EIGER BIOPHARMACEUTICALS, INC.**               Case number *(if known)*
         Name

| | | | | |
|---|---|---|---|---|
| **10.** Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No ☒ Yes. | Debtor  **See Attached Schedule 1** <br> District <br> Case number, if known | Relationship <br><br> When | <br><br> MM / DD / YYYY |

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number    Street

City                State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency
         Contact name
         Phone

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    **EIGER BIOPHARMACEUTICALS, INC.**      Case number *(if known)*
       Name

| | | | |
|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☒ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    4/1/2024
               MM/ DD / YYYY

✗ *David Apelian* (DocuSigned by: 0F1ECA681024459)      **David Apelian**
Signature of authorized representative of debtor      Printed name

Title    **Chief Executive Officer**

**18. Signature of attorney**

✗    */s/ Thomas R. Califano*      Date    4/1/2024
Signature of attorney for debtor      MM/DD/YYYY

**Thomas R. Califano**
Printed name

**Sidley Austin LLP**
Firm name

**2021 McKinney Avenue, Suite 2000**
Number      Street

**Dallas**      **TX**      **75201**
City      State      ZIP Code

**(214) 981-3300**      **(214) 981-3300**
Contact phone      Email address

**24122825**      **TX**
Bar number      State

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| **Northern District of Texas** |
| (State) |
| Case number *(if known)*: _____  Chapter __11__ |

☐ Check if this is an amended filing

## Schedule 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

    On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Eiger BioPharmaceuticals, Inc.

Eiger BioPharmaceuticals, Inc.
EBPI Merger Inc.
EB Pharma LLC
Eiger BioPharmaceuticals Europe Limited
EigerBio Europe Limited

**MINUTES OF A MEETING OF THE**
**BOARD OF DIRECTORS OF**
**EIGER BIOPHARMACEUTICALS, INC.**

| | |
|---|---|
| DATE: | March 30, 2024 |
| TIME: | 7:30 a.m. Pacific Time |
| PLACE: | Virtual |
| BOARD MEMBERS PRESENT: | Tom Dietz, Ph.D. |
| | David Apelian, M.D., Ph.D., M.B.A. |
| | Lisa Kelly-Croswell |
| | Jeffrey Glenn, M.D., Ph.D. |
| | Evan Loh, M..D. |
| | Kim Sablich |
| | Amit Sachdev, J.D. |
| BOARD MEMBERS ABSENT: | None |
| OTHERS PRESENT: | Jim Vollins, J.D. |
| | Bill Kachioff |
| | Tom Califano, J.D., Sidley Austin LLP |
| | Bill Curtin, J.D., Sidley Austin LLP |
| | Carlton Fleming, J.D., Sidley Austin LLP |
| | Anne Wallice, J.D., Sidley Austin LLP |

1. <u>CALL TO ORDER</u>

A telephonic meeting of the Board of Directors (the "***Board***") of EigerBioPharmaceuticals, Inc., a Delaware corporation (the "***Company***"), was held at the above date and time pursuant to notice duly given or waived. Dr. Dietz presided as Chairman and Mr. Vollins acted as Secretary of the meeting. Dr. Dietz called the meeting to order and announced that the directors present constituted a quorum and that the meeting was duly convened. At the beginning of the meeting, all attendees were present.

2. <u>SITUATION UPDATE</u>

The Board, management and representatives of Sidley Austin LLP discussed recent developments; efforts to identify strategic partners, equity financing sources and other paths forward for the Company; and matters related to the Company's creditors and other stakeholders. The Board also discussed the Company's financial condition and prospects. Following discussion, the Board approved the resolutions attached as **Exhibit A** hereto on behalf of the Company and its subsidiaries identified therein.

*Dr. Apelian and Mr. Vollins left the meeting.*

3. <u>EXECUTIVE SESSION</u>

The Board continued to discuss strategic matters.

4864-6120-2354

4. <u>CONCLUSION</u>

There being no further business to come before the Board, the meeting concluded at 8:15 a.m. Pacific Time.

Respectfully submitted:

*Jim Vollins*

Jim Vollins, Secretary of the Meeting

Approved:

*[signature]*

Tom Dietz, Ph.D., Chair of the Meeting

**Exhibit A**

**RESOLUTIONS
OF
THE APPROVING PARTIES
OF
THE COMPANIES LISTED ON SCHEDULE I**

**March 30, 2024**

(1) the members of the board of directors for each Company listed under **Group 1** on **Schedule I**, and (2) the sole member of the Company listed under **Group 2** on **Schedule I** (in each case, the "*Approving Party*"), of each of the entities specified on **Schedule I** attached hereto (each such entity individually, a "*Company*" and, collectively, the "*Companies*"), do hereby consent to, adopt and approve the following resolutions and each and every action effected thereby:

**I.**   Chapter 11 Filing

**WHEREAS**, each Approving Party has considered presentations by each Company's management ("*Management*") and its legal and financial advisors (collectively, the "*Advisors*") regarding (a) the assets, the current and long-term liabilities, the historical performance, liquidity, and prospects of the Companies, (b) the strategic alternatives available to the Companies, and (c) the potential effects of the foregoing on the Companies' business and stakeholders (collectively, the "*Strategic Alternatives*"); and

**WHEREAS**, each Approving Party has received, reviewed, considered and discussed the recommendations of Management and the Advisors and fully considered the Strategic Alternatives, including the relative risks and benefits of pursuing bankruptcy proceedings under the provisions of chapter 11 of title 11 of the United State Code (the "*Bankruptcy Code*"), and has determined that it is desirable and in the best interests of each Company, its creditors, its stockholders and other interested parties and stakeholders that each Company file a voluntary petition for relief (the "*Petitions*") to commence a case (each, a "*Bankruptcy Case*" and, collectively, the "*Bankruptcy Cases*") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "*Bankruptcy Court*").

**RESOLVED**, that each of the Companies is authorized and directed to file a Petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing;

**RESOLVED FURTHER**, that any officer, director or other authorized person of the Companies or any of their delegates (each individually, an "*Authorized Person*" and collectively, the "*Authorized Persons*") shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of and on behalf of the Companies to verify, modify (as necessary or desirable), execute, and/or file or cause to be filed the Petitions, any ancillary documents, and all

other schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing in such form or forms as any such Authorized Person may approve;

**RESOLVED FURTHER**, that each of the Authorized Persons of the Companies shall be, and each of them acting alone hereby is, authorized, directed and empowered, in the name of and on behalf of the Companies, to pay all expenses, including Advisors' fees and retainers, taxes, consent payments, indemnities, and filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all of such payments to be conclusive evidence of such approval and that such Authorized Person deemed the same to be so necessary, appropriate, or advisable;

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Companies, to perform the obligations of the Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by each Approving Party;

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of each Company, to cause the Companies to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Person shall be necessary, proper, or desirable to prosecute to a successful completion the Bankruptcy Cases and to effectuate the restructuring or liquidation of the Companies' debt, other obligations, organizational form, or structure and ownership of the Companies, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions;

**RESOLVED FURTHER**, that the Authorized Persons be, and they hereby are, authorized to bind the Companies for the purposes of the resolutions herein; and

**RESOLVED FURTHER**, that each Approving Party has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions or hereby waives any right to have received such notice.

**II.** <u>Retention of Advisors</u>

**RESOLVED FURTHER**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to retain the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (ii) the financial advisory firm of Alvarez & Marsal North America, LLC, as

financial advisor; (iii) the investment banking firm of SSG Advisors, LLC, as investment banker; (iv) Kurtzman Carson Consultants LLC, as claims and noticing agent and administrative advisor; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals as such Authorized Person deems necessary, appropriate, or advisable to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby are, authorized and empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, or other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

**III.** Marketing Process and Sale

**RESOLVED FURTHER**, that each of the Companies, with the assistance of their Advisors, are authorized to continue its fulsome marketing and sale process during the Chapter 11 Cases, including contacting, discussing, negotiating, and soliciting offers from potential bidders, including conducting any auction in connection therewith, in order to receive the highest or otherwise best offer for the sale of the Company's Assets (collectively, the "***Sale Process***");

**RESOLVED FURTHER**, that in the judgment of the Approving Parties, it is desirable and in the best interests of each Company, its interest holders, its subsidiaries, its creditors, and other parties in interest that each Company be, and hereby is, authorized to negotiate, execute, and enter into, all required documentation to consummate any sale transaction for the highest or otherwise best offer for the sale of any assets of each Company (the "***Sale Transaction(s)***") (including any stalking horse agreement, asset purchase agreements or any other agreements or documents evidencing any such sale (collectively, the "***Purchase Agreement(s)***")), with such changes, additions, and modifications thereto as an Authorized Person shall approve;

**RESOLVED FURTHER**, that the Companies shall be, and hereby are, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Companies, authorized, directed and empowered to seek entry of an order or orders authorizing entry into any Purchase Agreement(s) and consummation of the Sale Transaction(s) contemplated thereby, all substantially in accordance with documents that have been presented or will be presented to the Approving Party and/or filed with the Bankruptcy Court, subject to such modifications thereto as the Approving Party or Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and empowered to take any and all actions necessary or advisable to advance each Company's rights and

obligations under any Purchase Agreement and/or the Sale Process, including filing of additional pleadings with the Bankruptcy Court; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions;

**RESOLVED FURTHER**, the Board hereby authorizes, adopts, approves, ratifies and confirms the Sale Transaction(s) and each Company's entry into the Purchase Agreement(s), and each of the documents and agreements contemplated under any Purchase Agreement (the "*Transaction Documents*") to which the Companies are a party, and the performance of the Companies' obligations thereunder and (subject to the approval of the Bankruptcy Court) the consummation of the Sale Transaction(s) contemplated thereby;

**RESOLVED FURTHER**, that each Authorized Person hereby is authorized and empowered to execute and deliver any Purchase Agreement(s), any Transaction Documents and any and all certificates, agreements, instruments, documents and undertakings of any kind and nature contemplated thereunder to which each Company is to be a party or as are necessary or appropriate to consummate the Sale Transaction(s) contemplated by any Purchase Agreement(s) and the Transaction Documents, in the name and on behalf of each Company, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Person executing the same shall approve (the execution and delivery thereof by the Authorized Person to be conclusive evidence of such Authorized Person's approval of any such additions, deletions or changes);

**RESOLVED FURTHER**, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to any Purchase Agreement(s) and the Transaction Documents.

**IV.** Further Actions and Prior Acts

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Chapter 11 Cases;

**RESOLVED FURTHER**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**RESOLVED FURTHER**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each of the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of

the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**RESOLVED FURTHER**, that each Approving Party has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Approving Parties.

## **SCHEDULE I**

**Group 1**
Eiger BioPharmaceuticals, Inc.
EBPI Merger, Inc.
Eiger BioPharmaceuticals Europe Limited
EigerBio Europe Limited

**Group 2**
EB Pharma, LLC

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| EIGER BIOPHARMACEUTICALS, INC. | ) Case No. 24-_____(___) |
| Debtor. | ) |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-36183**

The following financial data is the latest available information and refers to the debtor's condition on **December 31, 2023**

Total assets   $ **38,826,000**

Total debts (including debts listed in 2.c., below)   $ **53,139,000**

Debt securities held by more than 500 holders

| | | |
|---|---|---|
| secured ☐   unsecured ☐   subordinated ☐ | $ | |
| secured ☐   unsecured ☐   subordinated ☐ | $ | |
| secured ☐   unsecured ☐   subordinated ☐ | $ | |
| secured ☐   unsecured ☐   subordinated ☐ | $ | |
| secured ☐   unsecured ☐   subordinated ☐ | $ | |

Number of shares of preferred stock

Number of shares of common stock     **1,479,483 (as of December 31, 2023 (as adjusted to reflect the 1-for-30 reverse stock split effected on January 5, 2024))**

Comments, if any:

Brief description of debtor's business:   Eiger BioPharmaceuticals, Inc. is a commercial-stage biopharmaceutical company focused on the development of innovative therapies for hepatitis delta virus (HDV) and other serious diseases. All of the Company's rare disease programs in its portfolio have FDA Breakthrough Therapy designation.

List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Moshe Arkin

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EIGER BIOPHARMACEUTICALS, INC. | ) | Case No. 24-_____(___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Entities Affiliated with Ameriprise Financial, Inc.<br><br>(includes Ameriprise Financial, Inc. (AFI), Columbia Management Investors Advisors, LLC (CIMA), and Columbia Seligman Technology and Information Fund (Fund)) | AFI: 145 Ameriprise Financial Center, Minneapolis, MN 55474<br><br>CIMA & Fund: 290 Congress Street, Boston MA 02210 | 16. 90 % |
| Entities Affiliated with Propel Bio Partners LLC<br><br>(includes Propel Bio Partners LLC, Richard and Suzanne Kayne Living Trust DTD 01/14/1999, and Propel Bio Partners LLC) | 1900 Avenue of the Stars, #1000, Los Angeles, CA 90067 | 12.10 % |
| Moshe Arkin | Address On File | 10.09 % |

---

[1] This list reflects holders of five percent or more of Eiger BioPharmaceuticals, Inc.'s common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions are based upon information supplied by the equity holders on Schedules 13D and 13G filed by the equity holders with the U.S. Securities and Exchange Commission, and reflect equity positions preceding the date of commencement of these chapter 11 cases, and are as of the date of such filings. By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated Creditor Matrix and (B) File a Consolidated List of 30 Largest Unsecured Creditors; (II) Waiving the Requirement to File a List of Equity Security Holders; (III) Authorizing the Debtors to Redact Certain Personally Identifying Information; and (IV) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information*, filed contemporaneously herewith, the debtor is requesting a waiver of the required under rule 1007 to file a list of all of its equity security holders.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| EIGER BIOPHARMACEUTICALS, INC. | Case No. 24-_____(___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT[1]

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Entities Affiliated with Ameriprise Financial, Inc.<br><br>(includes Ameriprise Financial, Inc., Columbia Management Investors Advisors, LLC, and Columbia Seligman Technology and Information Fund) | 16.90 % |
| Entities Affiliated with Propel Bio Partners LLC<br><br>(includes Propel Bio Partners LLC, Richard and Suzanne Kayne Living Trust DTD 01/14/1999, and Propel Bio Partners LLC) | 12.10 % |
| Moshe Arkin | 10.09 % |

---

[1] All equity positions are based upon information supplied by the equity holders on Schedules 13D and 13G filed by the equity holders with the U.S. Securities and Exchange Commission, and reflect equity positions preceding the date of commencement of these chapter 11 cases, and are as of the date of such filings.

Fill in this information to identify the case:
Debtor name: Eiger Biopharmaceuticals, Inc.
United States Bankruptcy Court for the: Northern District of Texas Dallas Division
Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Merck Sharp & Dohme LLC<br>126 East Lincoln Avenue<br>Rahway, NJ 07065<br>United States | Attn: Robert M. Davis<br>Title: Chairman and Chief Executive Officer<br>Phone: 908-740-4000 | Trade Payables | | | | $1,000,000 |
| 2 | IQVIA Biotech LLC<br>1700 Perimeter Park Dr<br>Morrisville, NC 02760<br>United States | Attn: Mary Fisher<br>Title: Senior Billing Specialist, Finance Department<br>Phone: (919) 972-2289<br>Email: mfisher@iqvia.com | Trade Payables | | | | $416,879 |
| 3 | SATT Conectus Alsace SAS<br>5 Rue Schiller<br>Strasbourg Bas-Rhin, 67000<br>France | Attn: Marc Gillmann<br>Title: Chairman and Chief Executive Officer<br>Phone: +33 (0) 3 68 41 12 60<br>Email: marc.gillmann@conectus.fr | Trade Payables | | | | $331,733 |
| 4 | RRD International, LLC<br>7361 Calhoun Place, Suite 510<br>Rockville, MD 20855<br>United States | Attn: Scott Tarrant<br>Title: Chief Executive Officer<br>Phone: (301) 762-6100<br>Email: starrant@rrdintl.com | Trade Payables | | | | $271,725 |
| 5 | Real Staffing Group<br>C/O Specialist Staffing Solutions, Inc.<br>909 Fannin Street Suite P 350<br>Houston, TX 77010<br>United States | Attn: Andrew Beach<br>Title: Chief Financial Officer<br>Email: A.beach@sthree.com | Trade Payables | | | | $159,452 |
| 6 | Patheon Inc.<br>168 Third Avenue<br>Waltham, MA 02451<br>United States | Attn: Marc N. Casper<br>Title: Chairman, President and Chief Executive Officer<br>Phone: (781) 622-1000<br>Email: marc.casper@thermofisher.com | Trade Payables | | | | $150,291 |
| 7 | Biorasi LLC<br>18851 NE 29th Ave Suite 800<br>Miami, FL 33180<br>United States | Attn: Chris O'Brien<br>Title: Chief Executive Officer<br>Phone: (786) 388-0700<br>Email: cobrien@biorasi.com | Trade Payables | | | | $134,145 |
| 8 | Connor Group Global Services LLC<br>3979 Freedom Circle<br>Suite 700<br>Santa Clara, CA 95054<br>United States | Attn: Jeff Pickett<br>Title: Founder and Chair<br>Phone: (650) 300-5101<br>Email: jeff@connorgp.com | Trade Payables | | | | $132,510 |
| 9 | Sharp Packaging Services LLC<br>7451 Keebler Way<br>Allentown, PA 18106<br>United States | Attn: Kevin Orfan<br>Title: Chief Executive Officer<br>Phone: (610) 395-5800<br>Email: whitney.beatty@sharpclinical.com | Trade Payables | | | | $105,000 |
| 10 | Patheon Manufacturing Services LLC<br>5900 Martin Luther King Jr Hwy.<br>Greenville, NC 27834<br>United States | Attn: Marc N. Casper<br>Title: Chairman, President and Chief Executive Officer<br>Phone: (781) 622-1000<br>Email: marc.casper@thermofisher.com | Trade Payables | | | | $94,884 |
| 11 | Trustees of the University of Pennsylvania<br>C/O Penn Center For Innovation<br>Office of the University Secretary<br>1 College Hall, Room 211<br>Philadelphia, PA 19104-6303<br>United States | Attn: Ramanan Raghavendran<br>Title: Chair<br>Phone: (215) 898-7005<br>Email: ofcsec@pobox.upenn.edu | Trade Payables | | | | $94,677 |
| 12 | Yuki Gosei Kogyo Co Ltd<br>10-4, Nihonbashi-Ningyocho 3-Chome<br>Chuo-Ku<br>Tokyo, 103-0013<br>Japan | Attn: Seiichiro Matsumoto<br>Title: President/CEO/Executive Officer<br>Phone: (212) 318-2000<br>Email: Y-hiraoka@yuki-gosei.co.jp | Trade Payables | | | | $81,250 |
| 13 | ICON Clinical Research Limited<br>South County Business Park<br>Leopardstown<br>Dublin 18,<br>Ireland | Attn: Kyle McAllister<br>Title: Executive Director, Business Development<br>Phone: (402) 875-0211<br>Email: Kyle.McAllister@iconplc.com | Trade Payables | | | | $76,286 |
| 14 | Bachem<br>Bachem Americas, Inc<br>1271 Avenida Chelsea<br>Vista, CA 92081<br>United States | Attn: Lara Hurant<br>Title: Project Manager<br>Phone: (888) 422-2436<br>Email: lara.hurant@bachem.com | Trade Payables | | | | $60,000 |
| 15 | Fisher Clinical Services, Inc.<br>13741 Collections Center Drive<br>Chicago, IL 60693<br>United States | Attn: Marc N. Casper<br>Title: Chairman, President and Chief Executive Officer<br>Phone: (781) 622-1000<br>Email: marc.casper@thermofisher.com | Trade Payables | | | | $59,454 |
| 16 | Kilpatrick Townsend and Stockton LLP<br>1100 Peachtree Street NE Suite 2800<br>Atlanta, GA 30309<br>United States | Attn: J. Henry Walker IV<br>Title: Chair and Chief Executive Officer<br>Phone: (404) 815-6050<br>Email: hwalker@ktslaw.com | Trade Payables | | | | $58,126 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | IQVIA Inc. 1700 Perimeter Park Dr Morrisville, NC 02760 United States | Attn: Debora Mesquita Title: Associate Clinical Project Management Director Phone: +55 16 3306 7351 Email: debora.mesquita@iqvia.com | Trade Payables | | | | $55,612 |
| 18 | Frontage Laboratories, Inc. 700 Pennsylvania Drive Exton, PA 19341 United States | Attn: Dr. Abdul Mutlib Title: Chief Executive Officer Phone: (610) 232-0100 Email: AccountsReceivable@frontagelab.com | Trade Payables | | | | $52,865 |
| 19 | CPA Global Limited 2318 Mill Road, 12th Floor Alexandria, VA 22314 United States | Attn: Jerre Stead Title: Executive Chairman and Chief Executive Officer Phone: (703) 739-2234 | Trade Payables | | | | $48,251 |
| 20 | Fisher BioServices, Inc. 14665 Rothgeb Drive Rockville, MD 20850 United States | Attn: Marc N. Casper Title: Chief Executive Officer Phone: (301) 315-8460 Email: paul.abel@thermofisher.com | Trade Payables | | | | $39,479 |
| 21 | Eurofins Lancaster Laboratories, Inc. 2425 New Holland Pike Lancaster, PA 17601 United States | Attn: Dr. Gilles G. Martin Title: Chairman of the Board and Chief Executive Officer Phone: (717) 656-2300 Email: KatelynMartin@eurofinsUS.com | Trade Payables | | | | $38,795 |
| 22 | Intsel Chimos 1 Rue Royale- Batiment D Saint-Cloud, 92210 France | Attn: Corinne Truffault Title: Chief Executive Officer Phone: +33 1 49 11 66 80 Email: corinne@intselchimos.com | Trade Payables | | | | $38,295 |
| 23 | Richard Franco C/O TRG Communications LLC Address On File | Attn: Richard Franco Title: Consultant Phone: (919) 606-2908 Email: richfranco34@gmail.com | Trade Payables | | | | $30,745 |
| 24 | Addison Whitney 11525 N Community House Rd Ste 400 Charlotte, NC 28277 United States | Attn: Natasha Kempf Title: Director of Finance Phone: (704) 697-4020 Email: nkempf@addisonwhitney.com | Trade Payables | | | | $28,951 |
| 25 | Oracle America Inc. 2300 Oracle Way Austin, TX 78741 United States | Attn: Safra A. Catz Title: Chief Executive Officer Phone: (737) 867-1000 Email: safra.catz@oracle.com | Trade Payables | | | | $28,638 |
| 26 | Partners4access B.V. Boslaan 18 Hilversum 1217 CV, Netherlands | Attn: Sophie Schmitz Title: Managing Partner Phone: 31 6 55 88 71 96 | Trade Payables | | | | $23,375 |
| 27 | Broadridge ICS 5 Dakota Drive, Suite 300 Lake Success, NY 11042 United States | Attn: Tim Gokey Title: Chief Executive Officer Phone: (800) 353-0103 Email: remittance@broadridge.com | Trade Payables | | | | $21,562 |
| 28 | Integrichain, Inc. 8 Penn Center, 3rd Flr. 1628 JFK Blvd. Philadelphia, PA 19103 United States | Attn: Josh Halpern Title: Co-Founder and Chief Executive Officer Phone: (609) 806-5005 Email: jhalpern@integrichain.com | Trade Payables | | | | $18,120 |
| 29 | Clinigen Inc. Idis House Churchfield Road Weybridge Surrey, KT46 8DB United Kingdom | Attn: Jerome Charton Title: Chief Executive Officer Phone: +44 (0) 1932 824000 | Trade Payables | | | | $16,991 |
| 30 | Accenture LLP 500 W Madison St Chicago, IL 60661-2592 United States | Attn: Julie Sweet Title: Chief Executive Officer Phone: (312) 693-0161 Email: karla.e.falco@accenture.com | Trade Payables | | | | $16,446 |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **EIGER BIOPHARMACEUTICALS, INC.** |
| United States Bankruptcy Court for the: | **Northern District of Texas** (State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    4/1/2024      *DocuSigned by: David Apelian / 0F1FCA681024459...*
                MM/ DD/YYYY        Signature of individual signing on behalf of debtor

**David Apelian**
Printed name

**Chief Executive Officer**
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors