BRADLEY ARANT BOULT
CUMMINGS LLP
Jay R. Bender (TX Bar No. 24104932)
214 North Tryon Street
Suite 3700
Charlotte, NC 28202
Telephone: 704-338-6000
Facsimile: 704-332-8858
Email: jbender@bradley.com

BRADLEY ARANT BOULT
CUMMINGS LLP
Roger Jones (admitted *pro hac vice*)
1221 Broadway
Suite 2400
Nashville, TN 37203
Telephone: 615-244-2582
Facsimile: 615-252-4714
Email: rjones@bradley.com

*Attorneys for Innovatus Life Sciences
Lending Fund I, LP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>EIGER BIOPHARMACEUTICALS, INC., *et al.*,[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 24-80040 (SGJ)<br><br>(Joint Administration Requested) |

**NOTICE OF CONSENT TO DEBTORS' USE OF CASH COLLATERAL**
**(Related to Docket Nos. 16 & 93)**

Innovatus Life Sciences Lending Fund I, LP ("Innovatus") submits its notice of consent

to the Debtors' use of cash collateral on the terms set forth in the *Debtors' Emergency Motion*

*for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral; (II)*

*Granting Adequate Protection to Prepetition Term Loan Secured Parties; (III) Modifying the*

*Automatic Stay; and (IV) Scheduling a Final Hearing* [Docket No. 16] (the "Cash Collateral

Motion") and the *Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II)*

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax
identification number, are: Eiger BioPharmaceuticals, Inc. (1591); EBPI Merger Inc. (9986); EB Pharma LLC
(8352); Eiger BioPharmaceuticals Europe Limited (N/A); and EigerBio Europe Limited (N/A). The Debtors'
service address is 2155 Park Boulevard, Palo Alto, California 94036.

*Granting Adequate Protection to Prepetition Term Loan Secured Parties; (III) Modifying*

*Automatic Stay; and (IV) Scheduling a Final Hearing* (the "Interim Order"), as follows:

## BACKGROUND

1.      The Debtors filed their voluntary petitions for relief under chapter 11 of

the Bankruptcy Code on April 1, 2024 (the "Petition Date").[2]

2.      On the Petition Date, the Debtors sought various first day relief, including

relief to use cash collateral on an interim and final basis on the terms provided in the Cash

Collateral Motion and Interim Order.

3.      The Cash Collateral Motion, pursuant to Bankruptcy Rule 4001(c) and the

Procedures for Complex Cases in the Northern District of Texas, provides a summary of the

material terms of interim and final use of cash collateral. *See* Cash Collateral Motion, at pp. 6-23.

4.      Without limitation, the Debtors proposed the following terms for their use

of Cash Collateral on both an interim and final basis:

   i.   An approved budget, budget testing, permitted variances, and updates of
        the budget with Prepetition Term Loan Agent's consent. Motion, pp. 6-8;
        Interim Order ¶ 3.

   ii.  Termination Events tied to certain actions by the Debtors. Motion, pp. 8-9;
        Interim Order ¶ 7.

   iii. Adequate protection, including without limitation, adequate protection
        liens and a superpriority claim under section 503(b) and 507(b), reporting,
        other covenants, and the right to seek additional adequate protection.
        Motion, pp. 10-13; Interim Order ¶ 4.

   iv.  A carveout for certain administrative expenses. Motion, pp. 13-17; Interim
        Order ¶ 5.

   v.   The Debtors' stipulations, including: that the Debtors are liable on the
        Prepetition Term Loans and Prepetition Term Loan Secured Indebtedness;
        the Prepetition Term Loan Secured Indebtedness is secured by valid,

---

[2] Unless otherwise defined, all capitalized terms shall have the meanings provided in the Cash Collateral Motion or
Interim Order, as applicable.

binding, properly perfected, continuing and enforceable security interests; the Prepetition Term Loan Liens encumber all Prepetition Collateral; "no offsets, challenges, objections, defenses, claims, or counterclaims of any kind or nature to any of the Prepetition Term Loan Liens or Prepetition Term Loan Secured Indebtedness exist"; and the Prepetition Term Loan Secured Parties do not control the Debtors or their properties.  Motion, pp. 17-19; Interim Order ¶ E.

vi.   Effective upon entry of the Final Order, the Debtors shall release certain claims against the Prepetition Term Loan Secured Parties and their related parties arising from or related to the Prepetition Term Loan Indebtedness. Motion, pp. 22; Interim Order ¶ 15.

5.      The Court considered the relief requested in the Cash Collateral Motion at the hearing on April 3, 2024. At the hearing, the Court accepted the declarations and testimony of the Debtors' CEO David Apelian and the Debtors' financial advisor, Paul Rundell of Alvarez & Marsal, in support of the Cash Collateral Motion.

6.      Innovatus raised objections to certain budgeted items set forth in the Initial Budget.

7.      Following the hearing, the Court overruled any objections and granted the Cash Collateral Motion on April 5, 2024. The Court entered the Interim Order as submitted by the Debtors which included all material terms set forth in the Cash Collateral Motion.

8.      The Court also ruled that "[i]t is in the best interest of the Debtors' estates that the Debtors be allowed to use the Cash Collateral under the terms hereof. The Debtors have demonstrated good and sufficient cause for the relief granted [in the Interim Order]. The terms of the [Interim] Order and the use of Cash Collateral are fair and reasonable and reflect the Debtors' exercise of prudent business judgment consistent with the Debtors' fiduciary duties."  Interim Order, ¶ I.

9.      Pursuant to the Interim Order, the Court set the Final Hearing for April 23.

2024 "to consider the relief requested in the [Cash Collateral] Motion on a final basis . . . ."

Interim Order ¶ 31.

## **NOTICE OF CONSENT**

10.     Innovatus hereby provides the Debtors, the Court and parties in interest

notice of its consent to the relief requested by the Debtors in the Cash Collateral Motion for (i)

the use of cash collateral on the terms set forth in the Cash Collateral Motion and Interim Order,

and (ii) the entry of the Final Order granting the relief requested by the Debtors in the Cash

Collateral Motion in substantially the same form as the Interim Order, other than customary edits

to make the Interim Order the Final Order.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Jay R. Bender*
Jay R. Bender (TX Bar No. 24104932)
214 North Tryon Street
Suite 3700
Charlotte, NC 28202
Telephone: 704-338-6000
Facsimile: 704-332-8858
Email: jbender@bradley.com

Roger Jones (*pro hac vice* pending)
1221 Broadway
Suite 2400
Nashville, TN 37203
Telephone: 615-244-2582
Facsimile: 615-252-4714
Email: rjones@bradley.com

*Attorneys For Innovatus Life Sciences*
*Lending Fund I, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties eligible to receive service via CM/ECF.

*Jay R. Bender*
OF COUNSEL