IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>EIGER BIOPHARMACEUTICALS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-80040 (SGJ)<br><br>(Jointly Administered) |

**AMENDED NOTICE OF CURE AMOUNTS
AND POTENTIAL ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
IN CONNECTION WITH THE REMAINING ASSETS SALE TRANSACTION(S)**

**PLEASE TAKE NOTICE:**

On April 1, 2024 (the "Petition Date"), the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court").

On April 1, 2024, the Debtors filed a motion [Docket No. 13] (the "Bid Procedures Motion") with the Court seeking entry of an order, among other things: (i)(a) approving the proposed bid procedures (the "Bid Procedures") in connection with the Sale Transaction(s) of the Assets; (b) approving the Bid Protections relating to the Remaining Assets Stalking Horse Purchaser(s), if any; (c) establishing the dates and deadlines relating to the Remaining Asset Bid Deadline, Auction(s), and a Sale Hearing(s); (d) approving the form and manner of the notice of the Sale Transaction(s), the Bid Deadline(s), the Auction(s), and the Sale Hearing(s) (the "Sale Notice"); (e) approving the assumption and assignment procedures for any executory contracts or unexpired lease to be assumed by the Debtors in connection with the Sale Transaction(s), if any (the "Designated Contracts") (the "Assignment and Assumption Procedures"); and (f) approving the form and manner of the potential assignment and assumption notice (the "Assignment Notice"); and (ii) granting related relief.

On April 5, 2024 the Court entered the *Order (I)(A) Approving the Bid Procedures; (B) Authorizing the Debtors to Select Sentynl Therapeutics, Inc. as the Zokinvy Stalking Horse Purchaser & Approving Bid Protections; (C) Approving the Bid Protections Relating to the Remaining Assets Stalking Horse Purchaser(s), if any; (D) Establishing Bid Deadlines, Auction(s), and Sale Hearing(s); (E) Approving the Form and Manner of Sale Notice; (F) Approving*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Eiger BioPharmaceuticals, Inc. (1591); EBPI Merger Inc. (9986); EB Pharma LLC (8352); Eiger BioPharmaceuticals Europe Limited (N/A); and EigerBio Europe Limited (N/A). The Debtors' service address is 2100 Ross Ave., Dallas, Texas 75201.

*Assignment and Assumption Procedures; (G) Approving the Form and Manner of Potential Assumption and Assignment Notice; (II)(A) Authorizing the Sale of the Assets Free and Clear; and (B) Approving the Assumption and Assignment of Designated Contracts; And (III) Granting Related Relief* [Docket No. 94] (the "Bid Procedures Order").[2]  **All recipients of this notice should carefully read the Bid Procedures Order and the Assumption and Assignment Procedures in their entirety.**

On June 4, 2024, the Debtors filed the *Amended Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Remaining Assets Sale Transaction(s)* [Docket No. 313] (the "Initial Cure Notice").

**You are receiving this notice (the "Amended Cure Notice") because you may be a counterparty to an executory contract or unexpired lease of the Debtors that may be assumed and assigned to the Winning Bidder, or as otherwise contemplated in the Winning Bid related to the Remaining Assets Sale Transaction(s) (each, a "Potentially Assigned Contract").**  Each of the Potentially Assigned Contracts that may be assumed and assigned in connection with the Remaining Assets Sale Transaction(s) with a Winning Bidder and the Debtors' calculation of the Cure Amounts with respect thereto are set forth on **Exhibit A** hereto (the "Cure Schedule").  The Cure Amounts are the only amounts proposed to be paid upon the assumption and/or assignment of the Potentially Assigned Contracts.  A redline of the Cure Schedule as against the cure amounts set forth in the Initial Cure Notice is set forth on **Exhibit B** hereto.

The inclusion of any contract or lease on **Exhibit A** shall not constitute or be deemed a determination or admission by the Debtors that such contract or other document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

**Notwithstanding the inclusion of any Potentially Assigned Contract on Exhibit A, neither the Debtors nor any Winning Bidder(s) are obligated to assume or assign any Potentially Assigned Contract identified on Exhibit A.  The Amended Cure Notice is only advising parties of the Debtors' proposed Cure Amounts should the Potentially Assigned Contract be assumed or assumed and assigned.  Subsequent notice will be provided if your Potentially Assigned Contract is proposed to be assumed or assumed and assigned to a Winning Bidder.  If you disagree with the proposed Cure Amounts, you must file an objection in accordance with the instructions below.**

### Objections

**A. Cure Objections**

Any objection to potential assumption, assignment, or designation of a Potentially Assigned Contract identified on **Exhibit A**, the subject of which objection is the Debtors' proposed Cure Amounts, if any, must (i) be in writing; (ii) comply with the Bankruptcy Rules and the Bankruptcy Local Rules; (iii) be filed with the Clerk of the Court, by electronic submission through

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bid Procedures Motion, the Bid Procedures, and the Bid Procedures Order, as applicable.

PACER (Public Access to Court Electronic Records at https://ecf.txnb.uscourts.gov/), or if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address: United States Bankruptcy Court, 1100 Commerce St, #5300, Dallas, TX 75242, **on or before 4:00 p.m. (CT) on June 12, 2024** (the "Remaining Assets Cure Objection Deadline"); (iv) be served, so as to be actually received on or before the Remaining Assets Cure Objection Deadline, upon the following via email: (a) proposed counsel to the Debtors, Sidley Austin LLP (attn: Thomas R. Califano (tom.califano@sidley.com), William E. Curtin (wcurtin@sidley.com), and Anne G. Wallice (anne.wallice@sidley.com)), (b) counsel to any official committee of unsecured creditors appointed in the Debtors' chapter 11 cases; (c) the Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, Texas 75242 (attn: Elizabeth A. Young (elizabeth.a.young@usdoj.gov)); and (d) counsel to Innovatus, Bradley Arant Boult Cummings LLP (attn. Roger Jones (rjones@bradley.com) and Jay Bender (jbender@bradley.com)(collectively, the "Objection Notice Parties"); and (v) state with specificity the legal and factual grounds for such objection, including, without limitation, the Cure Amounts the Counterparty believes is required to cure defaults under the relevant Executory Contracts or Unexpired Leases. Any objections solely on the basis of adequate assurance of future performance must be filed in the manner described in the foregoing sentence and served on the Objection Notice Parties by no later than **4:00 p.m (CT) on June 12, 2024**.

**IF A COUNTERPARTY FAILS TO FILE WITH THE BANKRUPTCY COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY CURE OBJECTION, THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO THE AMOUNT TO CURE ANY DEFAULT UNDER THE APPLICABLE POTENTIALLY ASSIGNED CONTRACT. THE CURE AMOUNTS SET FORTH ON EXHIBIT A HERETO SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE APPLICABLE POTENTIALLY ASSIGNED CONTRACT UNDER BANKRUPTCY CODE SECTION 365(B), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE POTENTIALLY ASSIGNED CONTRACT, OR ANY OTHER DOCUMENT, AND THE APPLICABLE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS WITH RESPECT TO SUCH POTENTIALLY ASSIGNED CONTRACT AGAINST THE DEBTORS, ANY WINNING BIDDER, OR THE PROPERTY OF ANY OF THEM.**

B.  Adequate Assurance Objection

As stated, this notice does not indicate if your Potentially Assigned Contract will be assumed, rejected, or assumed and assigned to a Winning Bidder. If your Potentially Assigned Contract is proposed to be assumed or assumed and assigned, subsequent notice will be provided. **Any objections to an assignee's adequate assurance of future performance are preserved and the procedures for such adequate assurance objections will be set forth in the subsequent notice.**

### Cure Objection Hearing

Cure Objections that cannot be resolved by the parties will be heard by the Bankruptcy Court on **June 26, 2024 at 1:30 p.m. (prevailing Central Time)** or as soon thereafter as such

Cure Objection may be heard.  **You may participate in the Hearing either remotely by an audio and video connection or in person.**

       Remote Participation Instructions. Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 1.650.479.3207.  Video communication will be by use of the Cisco WebEx platform.  Connect via the Cisco WebEx application or click the link on Judge Jernigan's home page.  The meeting code is 2304-154-2638.  Click the settings icon in the upper right corner and enter your name under the personal information setting.

       In Person Instructions.  If you wish to attend the hearing in person, the hearing will be conducted at Courtroom 1, floor 14, 1100 Commerce Street, Dallas, TX 75242-1496.

       Hearing Appearances.  If you intend to appear electronically, hearing appearances must be made electronically in advance of electronic hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Jernigan's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.

*[Remainder of page intentionally left blank]*

Dated: June 21, 2024
Dallas, Texas

**SIDLEY AUSTIN LLP**

/s/ *Thomas R. Califano*

Thomas R. Califano (TX Bar No. 24122825)
William E. Curtin (admitted *pro hac vice*)
John J. Kuster (admitted *pro hac vice*)
Jon W. Muenz (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone:   (212) 839-5300
Facsimile:    (212) 839-5599
Email:         tom.califano@sidley.com
                 wcurtin@sidley.com
                 jkuster@sidley.com
                 jmuenz@sidley.com
                 anne.wallice@sidley.com

*and*

Charles M. Persons (TX Bar No. 24060413)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:   (214) 981-3300
Facsimile:    (214) 981-3400
Email:         cpersons@sidley.com

*Attorneys for the Debtors and Debtors in Possession*